```
                    FILED
                 US DISTRICT COURT
                 DISTRICT OF NEBRASKA

                   SEP 29 2010

                 OFFICE OF THE CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROGER G. LEWIS, | ) | 8:09CV442 |
| | ) | |
| Plaintiff, | ) | |
| | ) | AMENDED[1] ORDER ON FINAL |
| | ) | PRETRIAL CONFERENCE |
| v. | ) | |
| | ) | |
| KINZE MANUFACTURING, INC. | ) | |
| | ) | |
| Defendant. | ) | |

    A Final Pretrial Conference was held on the 21st day of September, 2010. Appearing for the parties as counsel were:

Plaintiff-   Raymond R. Aranza
             Scheldrup Blades Schrock Smith Aranza, P.C.
             222 S. 15th Street
             Suite 220, South Tower
             Omaha, NE 68102

Defendant-  Stephen J. Holtman
             Simmons Perrine Moyer Bergman PLC
             115 3rd Street SE
             Suite 1200
             Cedar Rapids, IA 52401-1266

A. **Exhibits**

    1. The Exhibit List of Plaintiff is attached hereto. Defendant's objections to Plaintiff's exhibits are noted on the list.

    2. The Exhibit List of Defendant is attached hereto. Plaintiff's objections to Defendant's exhibits are noted on the list.

---

[1] At the pretrial conference the parties submitted a proposed order in a version other than the version agreed to by the parties. This order is the corrected version. **See** Filing No. 51.

B. **Uncontroverted Facts**

The parties have agreed that the following may be accepted as established fact for purposes of this case only:

1. The Plaintiff, Roger Lewis, is a resident of Bennington, Nebraska and resides in Douglas County, Nebraska.

2. Defendant, Kinze Manufacturing, Inc., is an Iowa corporation doing business in several states, including the State of Nebraska.

3. Plaintiff is an employee as defined by the Nebraska Wage Payment and Collection Act.

4. Defendant is an employer as defined by the Nebraska Wage Payment and Collection Act.

5. Plaintiff was employed by Defendant from 1989 until he was terminated on May 15, 2009.

6. Plaintiff claims unpaid commissions pursuant to the Nebraska Wage Payment and Collection Act.

7. The amount of the deferred incentive bonus that Defendant claims Plaintiff did not earn and to which Plaintiff claims he was entitled is $45,141.82.

C. **Controverted and Unresolved Issues**

The issues remaining to be determined and unresolved matters for the court's attention are:

1. Whether, at the time of Plaintiff's termination, Plaintiff had secured orders that were on file and whether commissions were paid on those sales as defined pursuant to Neb. Rev. Stat. § 48-1229.

2. Whether there was a specific agreement between Plaintiff and Defendant through

2

a contract effective at least ninety days prior to separation that Plaintiff did not earn commissions until orders were invoiced, delivered, and paid.

3. The amount of orders on file at the time of Plaintiff's separation of employment.

4. Commissions owed, if any, on orders on file at the time of Plaintiff's separation of employment.

5. Whether Defendant's deferred incentive bonus plan for sales made during fiscal year ending May 2008 and fiscal year ending May 2009 is appropriate under the Nebraska Wage Payment and Collection Act.

6. Whether such Commissions can be withheld pursuant to Neb. Rev. Stat. § 48-1230.

7. Whether Neb. Rev. Stat. § 48-1230 applies to Defendant's deferred incentive bonus plan.

8. Whether commissions were earned in January 2007 in Plaintiff's sales territory that were not paid when Plaintiff's sales territory was altered.

9. Whether such commissions are due under the Nebraska Wage Payment and Collection Act.

10. The amount of commissions due and owing, if any, under the Nebraska Wage Payment and Collection Act.

11. Whether Plaintiff is entitled to Attorney Fees under the Nebraska Wage Payment and Collection Act.

12. Whether a penalty equal to the unpaid wages must be assessed against Defendant.

13. Whether Plaintiff is entitled to an award of Prejudgment Interest.

14. Whether Plaintiff is barred by waiver, estoppel, or laches with respect to his claim

3

for commissions related to the 2007 territory change.

15. Whether there is no reasonable dispute concerning whether wages are remaining due, entitling Defendant to its attorneys' fees and costs, pursuant to section 48-1231 of the Revised Statutes of Nebraska.

**D. Witnesses**

Plaintiff Witnesses

All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

1. Roger Lewis, Plaintiff, Bennington, NE
2. Mary Lewis, Plaintiff's spouse, Bennington, NE
3. Luc VanHerle, Williamsburg, IA
4. Suzanne Veatch, Williamsburg, IA
5. Wayne Perrett, Williamsburg, IA
6. Craig Harthoorn (By Deposition), Mason City, IA
7. Jon Kinzenbaw, Williamsburg, IA
8. Brian McKown, Williamsburg, IA
9. Phil Jennings, Williamsburg, IA
10. Salley Gates, Williamsburg, IA
11. Mark Grenko, Williamsburg, IA
12. Barbara Howar, Williamsburg, IA
13. Dennis Whitehead (By Deposition), Williamsburg, IA
14. Wayne Whitehead (By Deposition), Wisconsin
15. Mark Stauffer, Williamsburg, IA

Defendant's Witnesses

All witnesses expected to be called to testify by defendant, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

Expected Witnesses
1. Mark Stauffer
2. Susanne Veatch
3. Jim McGee
4. Rich Watts
5. Paul Nielsen (by deposition), Tennessee
6. Craig Harthoorn (by deposition)

☐ Witnesses that may be called if the need arises
1. Brian McKown
2. Wayne Perrett
3. Plaintiff Roger Lewis

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment. A witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

### E. Expert Witnesses

No expert witnesses will be called in this matter.

### F. Voir Dire

Counsel has reviewed FRCP 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

> The parties recommend that the Court ask the panel the general questions concerning the trial and allow both counsel for Plaintiff and Defendant to follow

5

up with their own questions.

### G. Number of Jurors

Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1 and suggest that this matter be tried to a jury composed of 8 members.

### H. Verdict

The parties will stipulate to a unanimous verdict.

### I. Brief, Instructions, and Proposed Findings

Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

Trial Briefs and Proposed Juror Instructions will be filed 5 business days before trial.

5 days before trial exhibit and deposition notebook to trial judge.

### J. Length of Trial

Counsel estimate trial will consume not less than 2 days and probably 3 days.

### K. Trial Date

Trial is set for October 18, 2010.

### L. Pending Motion in Limine (Filing No. 43).

K. Motion for Order Nunc Pro Tunc (Only No 51) is granted.

IT IS SO ORDERED.

Date: 9/30/10

Thomas D. Thalken
U.S. Magistrate Judge

6